UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIS SCHOUEST, III and<br>JAMES JOSEPH GEORGE, JR. | CASE NO.: |
| Plaintiffs | SECTION: |
| versus | MAGISTRATE |
| BP PRODUCTS NORTH AMERICA, INC.;<br>BP AMERICA, INC.; BP, plc; TRANSOCEAN, LTD; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; CAMERON INTERNATIONAL CORPORATION and HALLIBURTON ENERGY SERVICES, INC. | JUDGE |
| Defendants | |

---

# PETITION FOR CLASS ACTION

---

Plaintiffs, ELLIS SCHOUEST, III and JAMES JOSEPH GEORGE, JR., both residents of the legal age of majority of the State of Louisiana, individually and as representatives of the class defined below (the "Class"), bring this action against the defendants identified below ("Defendants"), and aver as follows:

**PREAMBLE**

1.

This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages suffered by Plaintiffs and other class members as a result of the oil spill caused by an explosion which occurred on the semi-submersible drilling rig DEEPWATER HORIZON, on April 20, 2010.

2.

At all times material hereto, the DEEPWATER HORIZON was conducting drilling activities on the outer continental shelf, off the coast of Louisiana. There was an explosion and fire aboard the DEEPWATER HORIZON which occurred during completion operations. The incident involving the DEEPWATER HORIZON has resulted in an oil spill of epic proportions in the Gulf of Mexico. The oil slick resulting from the spill is expanding in the Gulf of Mexico and is presently threatening the Louisiana coastline.

3.

The oil slick spreading across the Gulf of Mexico has had detrimental effects on the Gulf of Mexico and threatens the wetlands, estuaries and national fisheries of South Louisiana. The timing of the spill could not be worse in that this is a peak spawning and nesting season for many species of fish and other marine creatures. The areas which have been damaged and/or will be damaged by the spill are those areas used by Plaintiffs and class members for activities such as fishing and shrimping, which they use to earn their livelihood.

**PARTIES**

4.

Plaintiff, ELLIS SCHOUEST, III, is a citizen of the State of Louisiana who resides in St. Mary Parish. Plaintiff has earned his living as a shrimper working in the inland and territorial waters of the State of Louisiana and in the Gulf of Mexico since 1983.

5.

Plaintiff, JAMES JOSEPH GEORGE, JR. is a citizen of the State of Louisiana who resides in Lafourche Parish. Plaintiff has earned his living as a licensed Captain and shrimper who works in the Gulf of Mexico fishing for shrimp both inside and outside the territorial waters of the State of Louisiana.

6.

Defendants herein are:

(A) TRANSOCEAN, LTD., ("TRANSOCEAN, LTD.") a foreign corporation doing business in the State of Louisiana and within this district;

(B) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. ("TRANSOCEAN OFFSHORE"), a foreign corporation doing business in the State of Louisiana and within this district;

(C) TRANSOCEAN DEEPWATER, INC. ("TRANSOCEAN DEEPWATER"), a foreign corporation doing business in the State of Louisiana and within this district;

(D) BP, plc ("BP"), a foreign corporation doing business in the State of Louisiana and within this district;

(E) BP PRODUCTS NORTH AMERICA, INC. ("BP PRODUCTS') a foreign corporation doing business in the State of Louisiana and within this district;

(F) BP AMERICA, INC. ("BP AMERICA") a foreign corporation doing business in the State of Louisiana and within this district;

(G) CAMERON INTERNATIONAL CORPORATION ("CAMERON"), a foreign corporation doing business in the State of Louisiana and within this district; and

(H) HALLIBURTON ENERGY SERVICES, INC. ("HALLIBURTON"), a foreign corporation doing business in the state of Louisiana and within this district.

JURISDICTION

7.

This Court has jurisdiction over the class action pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and is a class action brought by citizens of the State of Louisiana against one or more Defendants who are legal citizens of another state. Jurisdiction is also proper under 43 U.S.C. §1331, in that the spill originated on the outer Continental Shelf.

8.

The case is properly brought in the Western District because all of the Defendants do business in the Western District, class members residing in the Western District suffered damages as a result of the spill and property in the Western District was adversely affected by the oil spill.

STATEMENT OF FACTS

9.

Upon information and belief, the DEEPWATER HORIZON is a semi-submersible mobile drilling rig owned and/or operated by Defendants, TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE and/or TRANSOCEAN DEEPWATER (hereafter collectively referred to as 'TRANSOCEAN").

10.

BP, BP PRODUCTS and/or BP AMERICA (hereafter collectively referred to as "BP") are the holder(s) of a lease known as the MACONDO PROSPECT located on Mississippi Canyon Block 252 in the Gulf of Mexico approximately forty miles off the coast of Louisiana.

11.

Upon information and belief, BP contracted with TRANSOCEAN to have the DEEPWATER HORIZON conduct drilling operations on the outer Continental Shelf in Mississippi Canyon Block 252.

12..

Upon information and belief, CAMERON manufactured blowout preventers (BOPs) used by the DEEPWATER HORIZON. A BOP is a large valve at the wellhead that can be closed if excess pressure from an underground zone causes formation fluids, such as oil or natural gas, to enter the well bore and threaten the rig.

13.

Upon information and belief, HALLIBURTON was a contractor working on the DEEPWATER HORIZON at the time of the accident sued upon herein and was performing cementing operations prior to and at the time of the accident sued upon herein.

14.

Upon information and belief, crews were cementing the well being drilled by the DEEPWATER HORIZON when a blowout within the well occurred, which ignited and caused a deadly blast. The fire and explosion on the DEEPWATER HORIZON and the resulting oil spill were caused by the combined negligence of all named Defendants, rendering them jointly, severally and in solido liable to Plaintiffs and all class members for their damages.

15.

As a result of the fire and explosion on board the DEEPWATER HORIZON, oil from the well is leaking into the Gulf of Mexico at an alarming rate of an estimated 5,000 barrels per day. Efforts to halt or stem the spill have not been successful. A large oil slick resulting from the spill has formed in the Gulf of Mexico and at the time of the filing of this Petition, is moving toward the coast of the State of Louisiana.

16.

The oil spill and its resultant contamination have caused and will continue to cause a loss of business and revenue to Plaintiffs and other class members.

## CLASS DEFINITION

17.

Plaintiffs bring this action on behalf of themselves, and all other similarly situated, who are members of the following class:

> All Louisiana residents who live or work in, or derive income from, areas impacted by the oil spill, which areas include inland waters of the State of Louisiana, territorial waters of the State of Louisiana, waters beyond the three mile limit off the coast of Louisiana and the Louisiana "Coastal Zone," as that term is defined in 43 U.S.C. §133(e), and who have sustained any loss or damage as result of the April 20, 2010 fire and explosion which occurred aboard the DEEPWATER HORIZON drilling rig and the oil spill/oil slick resulting therefrom.

18.

Excluded from the Class are:

a. The officer and directors of any of the Defendants;

b. Any judge assigned to this matter and his or her immediate family; and

c. Any legal representative, successor or assign of any excluded persons or entities.

CLASS ACTION ALLEGATIONS

A. **Numerosity of the Class**

19.

The proposed Class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

**B. Predominance of Common Questions of Fact and Law**

20.

There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class member and include, but are not limited to, the following:

a. Whether Defendants caused and/or contributed to the fire, explosion and oil spill;

b. Whether Defendants were negligent;

c. Whether the fire, explosion and oil spill have caused environmental or other damage; and

d. The amount of damages Plaintiffs and the Class members should receive in compensation.

**C. Typicality**

21.

Plaintiffs and the class Members have suffered similar harm as a result of Defendants' actions.

**D. Adequacy of Representation**

22.

Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class because their interests to d not conflict with the interests of the Class Members they seek to represent. Plaintiffs have no claims antagonistic to those of the class. Plaintiffs have retained counsel competent and experienced in complex class actions and maritime and environmental litigation.

C. **Superiority**

23.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Members could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the Court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

24.

The various claims asserted in the action are also certifiable under the provisions of rules 23(b)(1) and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

a. The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to

individual Class members, thus establishing incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members whoa re not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and

c. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CAUSE OF ACTION (NEGLIGENCE)**

25.

Plaintiffs, on behalf of themselves and the Class Members, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if copied herein.

26.

Upon information and belief, the explosion and resulting oil spill was caused by the concurrent negligence and fault of all Defendants according to the following non-exclusive list of acts and/or omissions:

a. Failing to properly supervise operations on board the DEEPWATER HORIZON;

b. Failing to properly operate the DEEPWATER HORIZON;

c. Failing to conduct cementing operations in a safe and proper manner;

d. Failing to provide blow out preventers (BOPs) that would have and should have prevented the accident;

e. Failing to promulgate, implement and enforce rules pertaining to the safe operations of the DEEPWATER HORIZON which would have averted the fire, explosion and oil spill;

f. Failing to properly train personnel working on board the DEEPWATER HORIZON;

g. Failing to provide the DEEPWATER HORIZON with a properly trained crew;

h. Failing to conduct inspections of equipment on board the DEEPWATER HORIZON;

i. Failing to properly coordinate activities among contractors on board the DEEPWATER HORIZON;

j. Failing to properly monitor pressure gauges;

k. Failing to take action to avoid or mitigate the accident;

l. Failure to timely warn;

m. Failure to bring the oil spill under control;

n. Failure to properly contain the spill;

o. Acting in a manner that justifies imposition of punitive damages; and

p. Failing to do what they should have done and see what they should have seen in order to prevent the accident sued upon herein.

27.

In addition to the claims for negligence, Plaintiffs assert that the incident was caused by defective equipment, including but not limited to the BOPs, over which Defendants had custody and control. Defendants knew or should have know of these defects and are therefore strictly liable for them.

28.

The negligence of the Defendants was gross and wanton such as to justify an award of punitive damages.

29.

The incident which resulted in the sinking of the DEEPWATER HORIZON and the resultant oil spill could not have happened in the absence of the negligence of Defendants. Plaintiffs, therefore, plead the doctrine of *res ipsa loquitor*.

**CLAIMS PURSUANT TO OIL POLLUTION ACT**

30.

On behalf of themselves and other Class Members similarly situated, Plaintiffs additionally seek damages pursuant to the provisions of the Oil Pollution Act, 33 U.S.C.A. §2702, et seq.

31.

The Oil Pollution Act, among other things, imposes liability upon a responsible party for the damages that result from a discharge of oil into or upon the navigable waters or adjoining shorelines.

32.

Upon information and belief, BP, as the leaseholder for the area where the spill originated, has been designated the responsible party by the Coast Guard and is, therefore, liable unto Plaintiffs and similarly situated Class Members for all damages recoverable under the oil pollution act.

**PRAYER FOR RELIEF**

______WHEREFORE, Plaintiffs and the Class Members demand judgment against Defendants, jointly, severally and *in solido*, as follows:

a. An order certifying the Class for the purpose of going forward with any one or all of the causes of action alleged herein; appointing Plaintiffs as Class representatives; and appointing undersigned counsel as counsel for the class;

b. Economic and compensatory damages in amounts to be determined at trial, but not less than the $5,000,000 required by the Class Action Fairness Act which establishes one of this Court's bases of jurisdiction to hear this case;

c. Punitive damages;

d. Pre-judgment and post judgment interest at the maximum rate allowable by law;

e. Attorney's fees and costs of litigation; and

f. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

RESPECTFULLY SUBMITTED:

MORROW, MORROW, RYAN & BASSETT

/s/ *Patrick C. Morrow*

Patrick C. Morrow, #09748
James P. Ryan, #11560
Jeffrey M. Bassett, #02840
324 W. Landry
Opelousas, LA 70570
337-948-4483
337-942-5234 (fax)

LAW OFFICE OF ROBERT L. SALIM
Robert L. Salim, #11663
1401 Texas Street
Natchitoches, LA 71457
(318)352-5999

Attorneys for Plaintiffs